YVETTE R. BIRON *vs.* JOSEPH L. BIRON.

DECEMBER 10, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. The petitioner filed her petition for divorce on the ground of extreme cruelty and upon a hearing thereon in the superior court the same was denied. To this decision exception was duly taken by the petitioner and the case is now before us on that single exception.

It is well established with us that in a divorce case the findings of the trial justice upon conflicting evidence will not be disturbed by this court unless they are found to be clearly wrong. *Tremblay* v. *Tremblay,* 59 R. I. 401. The petitioner here contends that the evidence for the respondent was unworthy of any credence and that, therefore, her evidence stood uncontradicted and unimpeached. In sub-

stance and effect, she contends that there is no conflicting evidence and that therefore she has made out a case entitling her to a divorce.

A mere outline in general terms of the evidence is sufficient for our purpose. The parties were married in 1929 and have two children, both girls. The testimony for the petitioner shows that at times the respondent evidenced fits of temper in various ways and that on one occasion he slapped her and on another occasion he kicked her, the last two mentioned incidents occurring about eight months apart. She testified that respondent's actions made her "very nervous", but there is no medical evidence that she was in such condition. The respondent, on the other hand, admits that unpleasant situations developed from time to time between himself and his wife but denies that he ever slapped or kicked her. He lays his domestic troubles mainly to the interference in his family affairs by his wife's sister, who was not friendly to him.

The evidence, when read as a whole, is conflicting on controlling points and fairly open to different and opposite inferences. The trial justice, who had the advantage over us of observing the parties and their witnesses while testifying, denied the petition in a decision from the bench, saying that he failed "to see where the petition has been substantiated." In these circumstances, we cannot say that his decision was clearly wrong.

The petitioner's exception, therefore, is overruled and the case is remitted to the superior court for further proceedings.

*Corcoran, Foley & Flynn, Joseph F. Flynn,* for petitioner.

*Crowe & Hetherington, Thomas Hetherington,* for respondent.